# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JAMALL WASHINGTON,<br><br>Plaintiff<br><br>v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>Defendants | Civil No. 22-6900 (RMB/SAK)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Docket No. 1) filed *pro se* by Plaintiff Jamal Washington, a pretrial detainee confined in Atlantic County Justice Facility, in Mays Landing, New Jersey. Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1-1), which establishes his financial eligibility to proceed *in forma pauperis*, and the application will be granted. For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim.

I.   **Sua Sponte Dismissal**

When a person is granted IFP status, courts must review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a

1

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*   Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Furthermore, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## II. DISCUSSION

### A. The Complaint

The defendants named in the complaint are Atlantic City and Mayor Marty Smalls. On the complaint form, where asked for a short summary of what each defendant did or did not do, Plaintiff alleged the following against Atlantic City, through the Mayor and his administration:

> By his direct and indirect misconduct and compliance neglect to enforce all my rights and privileges as a citizen before block by denying me my rights to enter into the public accommodation of Atlantic City Hall to address proper authorities my neglect and etc. for my health, safety against corrupted police authorities, and copies of all my Opera [sic] requests for state and federal court.

In his summary of his claim against Mayor Marty Smalls, Plaintiff alleged:

> Used his political positions prior to present to hinder and suppressed my access to the City Clerk's Office to file a petition to be his biggest political threat against him and his career. Plus, manipulated several police officers

>directly and indirectly to block my right to a clear fair
>voting election & housing clearance by code enforcement.

The Statement of Claims section of Plaintiff's complaint is, for the most part, incoherent.

### B.     Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

While it appears that Plaintiff is alleging he was discriminated against when he was denied the right to enter City Hall in Atlantic City, New Jersey, Plaintiff did not adequately describe the time, place, and persons involved in denying him entrance to a public building. It is not clear from the complaint how Mayor Smalls was involved. Additionally, it is unclear how or when the mayor or his staff prevented Plaintiff from voting or otherwise petitioning the Government. Plaintiff does not

allege facts in the complaint to describe a specific policy or custom of Atlantic City that violated a specific constitutional right. *See, Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (describing policy and custom liability of local governments under 42 U.S.C. § 1983). The complaint does not contain sufficient allegations for the Court to determine whether Plaintiff can state any claim for relief.

### III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice for failure to state a claim.

An appropriate Order follows.

DATE: **March 16, 2023**          s/Renée Marie Bumb
                                  Renée Marie Bumb
                                  Chief United States District Judge